**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**VINCENT JOHNSON (#106229)**                    **CIVIL ACTION NO.**

**VERSUS**                                                            **24-78-SDD-EWD**

**RONALD JOHNSON, ET AL.**

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on May 24, 2024.

                                                **ERIN WILDER-DOOMES**
                                                **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

VINCENT JOHNSON (#106229)                    CIVIL ACTION NO.

VERSUS                                        24-78-SDD-EWD

RONALD JOHNSON, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court are the Complaint and Amended Complaint of Plaintiff Vincent Johnson ("Johnson"), who is representing himself and who is confined at the Louisiana State Penitentiary in Angola, Louisiana.[1] Based on the required screening under 28 U.S.C. § 1915A, it is recommended that Johnson's claims be dismissed with prejudice as legally frivolous and for failure to state a claim and that the Court decline to exercise supplemental jurisdiction over any potential state law claims. In light of this recommendation, all pending motions will be denied.

**I.    BACKGROUND**

Johnson filed this suit on or about January 31, 2024 against Judges Ronald Johnson and Kina T. Kimble (collectively "Defendants") alleging violations of his constitutional rights arising from their alleged failure to make a judgment executory.[2] Johnson seeks injunctive[3] and "reserves his right to claim monetary damages" … "against the Defendant(s) in an individual capacity."[4]

---

[1] R. Docs. 1 & 4. This Report and Recommendation refers generally to the "Complaint," as Johnson's Amended Complaint contains substantively identical claims. The Amended Complaint, however, does make additional allegations that this is a class action, that Johnson is the representative of the class, and purports to suggests that "[a]ll Louisiana State Court Judges" are required to be "joindered" in this matter, although joinder "may not be feasible." R. Doc. 4, p. 12. To the extent the Amended Complaint is intended to seek extension of the relief Johnson seeks against the named judges to "[a]ll Louisiana State Court Judges," that claim fails for the same reasons the claims against Judges Johnson and Kimble fail.

[2] R. Doc. 1. As explained below, though Johnson attempts to style this as a complaint raising federal constitutional violations, it is actually a challenge to Johnson's conviction by a non-unanimous jury.

[3] Though couched as injunctive relief, the relief sought is more appropriately classified as mandamus relief because it seeks an order form this Court forcing the state court judges to perform an action Johnson alleges is required under Louisiana law.

[4] R. Doc. 4, pp. 13.

## II.    Law & Analysis

### A.  Standard of Review

Under 28 U.S.C. § 1915A, this Court is authorized to dismiss an action or claim against a governmental entity or an officer or employee of a governmental entity if the Court is satisfied that the action or claim is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune. Screening under the statute is to be done "before docketing, if feasible, or, in any event, as soon as practicable after docketing," and dismissal is proper on the Court's own motion as to any claim that falls within one of the categories under § 1915A.[5]

To determine whether a complaint states a claim under § 1915A, courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[6] This means that the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[7] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[8] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9]

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[10] A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the

---

[5] *See*, 28 U.S.C. §1915A.
[6] *Plascencia-Orozco v. Wilson*, 773 Fed.Appx. 208, 209 (5th Cir. 2019) (citation omitted); *Hart v. Hairston*, 343 F.3d 762, 763-64 (5th Cir. 2003).
[7] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[9] *Id.*
[10] *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

complaint alleges the violation of a legal interest which clearly does not exist."[11]  § 1915A gives judges not only the authority to dismiss a claim that is based on a meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.[12]

### B. Johnson's Claims Fail for the Following Reasons: (1) Absolute Immunity of Defendants/Inappropriate Mandamus Relief; (2) the Access to Courts Claim Fails on the Merits; and (3) Johnson's Underlying Challenge Regarding Conviction by a Non-Unanimous Jury Lacks Merit

Johnson attempts to classify his claim as one based on an infringement of his right of access to the courts, but, at bottom, as explained below, his ultimate complaint is that he was convicted by a non-unanimous jury, and he is seeking to have his conviction overturned on that basis.[13]  He alleges that he "properly petitioned" Defendants, who are state court judges, to make a declaratory judgment executory, but Defendants refused to do so, in violation of Louisiana law.[14]  In support, Johnson recites various Louisiana laws regarding judgments and execution of judgments.[15]  Finally, he gets to the judgment that he believes affects his rights.  Specifically, Johnson alleges that in another Louisiana state case, *State v. Maxie*,[16] Article 1, § 17 of the Louisiana Constitution of 1974 and Article 782 of the Louisiana Code of Criminal Procedure were declared unconstitutional.[17] Johnson alleges that he petitioned the state court for relief, claiming an interest in the *Maxie* decision, but that Judge Kimble interpreted the claim as one seeking post-conviction

---

[11] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[12] *Denton,* 504 U.S. at 32, citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (decided under the *in forma pauperis* counterpart to § 1915A).  Both statutes provide for dismissal of claims that are frivolous, malicious, or fail to state a claim; however, only § 1915A applies in this case.  *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii), §1915A, and Fed. R. Civ. P. 12(b)(6).
[13] He also alleges that his due process and equal protection rights were violated but provides no facts to support those claims.  R. Doc. 4.
[14] R. Doc. 4, p. 5.
[15] R. Doc. 4, p. 6.
[16] 13-CR-72522 (La. 11th Dist. Ct. 10/11/2018).
[17] R. Doc. 4, pp. 6-7.

3

relief and recommended dismissal of the action.[18] Johnson alleges that, in doing so, Judge Kimble violated his right of access to the courts and his due process rights because she abused her discretion in interpreting the claim as one that should be brought in a post-conviction proceeding.[19] Similarly, Johnson alleges that Judge Johnson further violated his rights in the same way by disregarding Louisiana law, adopting the recommendation of Judge Kimble, and dismissing the action.[20]

Johnson's claims fail for three reasons. First, Defendants have absolute immunity against any monetary damage claims and this Court lacks jurisdiction to issue a writ of mandamus to state officials. Second, even if the absolute immunity/jurisdictional bar did not apply, Johnson has not stated a claim for interference with access to the courts because he complains about the outcome of state court proceedings, rather than an inability to file pleadings. Third, Johnson's end goal of having new law applied retroactively to overturn his conviction by a non-unanimous jury is foreclosed by decisions of the Louisiana Supreme Court and the United States Supreme Court.

### 1. Absolute Immunity/Lack of Jurisdiction to Issue Mandamus

Judges Johnson and Kimble are absolutely immune from liability from an individual capacity claim for monetary damages.[21] Judicial officers are absolutely immune from liability for damages for acts performed in the exercise of their judicial functions, except for actions not taken in the judge's judicial capacity, or actions, though judicial in nature, taken in complete absence of

---

[18] R. Doc. 4, pp. 7-8. It appears Kimble was likely functioning as a Commissioner for the Nineteenth Judicial District Court, State of Louisiana, since Johnson alleges she drafted a recommendation, but the Court refers to her as "Judge Kimble," to be consistent with Johnson.
[19] R. Doc. 4, p. 8.
[20] R. Doc. 4, pp. 9-1.
[21] A district court may appropriately consider the potential applicability of the doctrine of absolute immunity as a threshold matter in making a § 1915A determination. *See Davis v. Quarterman,* No. 09-03, 2009 WL 1033646, at *1 (N.D. Tex. April 17, 2009) (dismissing § 1983 claim against judge and government prosecutor under § 1915A and 28 U.S.C. § 1915(e)(2)B)(iii) based on absolute immunity); *Calderon v. Bandera County*, No. 14-881, 2014 WL 6769694, at **11, 18 (S.D. Tex. Dec. 1, 2014) (dismissing § 1983 claim against judge under § 1915A and 28 U.S.C. § 1915(e)(2)(B) based on absolute immunity).

all jurisdiction.[22] Johnson complains that Judges Johnson and Kimble violated his rights by construing his filing in the state court as a pleading seeking post-conviction relief. Determining how a pleading should be construed is squarely within the realm of judicial function and is covered by the doctrine of judicial immunity.[23]

Though absolute immunity does not extend to suits for injunctive relief under § 1983,[24] the relief sought by Johnson is more appropriately classified as mandamus relief since Johnson alleges that the state court judges are failing to perform functions required by Louisiana law.[25] Mandamus relief from this court would be inappropriate. The federal mandamus statute, 28 U.S.C. § 1361, applies only to officers, employees, and agencies of the *federal* government, and does not allow a federal court to grant a writ of mandamus directed to state officials. The Fifth Circuit, and courts within it, have also explained that a federal district court lacks jurisdiction to issue a writ of mandamus to direct state courts or their judicial officers in the performance of their duties.[26]

Johnson fails to state a cognizable claim against Defendants for mandamus or for monetary damages; however, even if the relief sought could properly be classified as one for injunctive relief,

---

[22] *See Calderon,* 2014 WL 6769694, at *11 (citations omitted).
[23] The Court takes judicial notice of the fact that Kina Kimble is a commissioner, and Ronald Johnson is a judge, in the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana. https://19thjdc.org/ (last viewed 5/24/24).
[24] *See Chrissy F. by Medley v. Miss. Dept of Public Welfare*, 925 F.2d 844, 849 (5th Cir. 1991) (citations omitted).
[25] R. Doc. 4, pp. 12-13. Johnson seeks an order prohibiting Defendants, when in their official capacity as judges, from interpreting a claim seeking to have *Maxie* made executory as a claim for post-conviction relief and from refusing to make *Maxie* executory when a person can establish an interest in the *Maxie* judgment. As phrased, Johnson seeks an order from this Court forcing state court judges to perform non-discretionary, ministerial tasks that he claims they are legally obligated to do under the Louisiana Code Civil procedure. *See Broadfield v. Garland*, No. 22-301, 2022 WL 1651460, at *2 (N.D. Tex. Feb. 9, 2022) ("mandamus relief does not create or expand duties, but merely enforces clear, non-discretionary duties already in existence.").
[26] *See Water v. Texas,* 747 Fed.Appx. 259, 360 (5th Cir. 2019); *Carter v. AgAmerica, LLC,* No. 21-1210, 2021 WL 5855129, at **2-3 (N.D. Tex. Nov. 22, 2021), report and recommendation adopted, *Carter v. AgAmerica, LLC,* No. 21-1210, 2021 WL 5853186 (N.D. Tex Dec. 9, 2021) ("Because federal courts have no mandamus authority over state officials, they lack subject matter jurisdiction over any case where the only relief sought is a writ of mandamus directing the official actions of state agents or authorities."); *Browning v. Cardwell*, No. 22-74, 2023 WL 30609756, at **2-3 (E.D. Tex. Jan. 17, 2023) (collecting cases), report and recommendation adopted, *Browning v. Cardwell*, No. 22-74, 2023 WL 3060780 (E. D. Tex. April 24, 2023).

Johnson's Complaint still fails to state a claim for a violation of his right to access the courts and his true claim, seeking to overturn his conviction by non-unanimous jury, is also meritless.

### 2. Johnson has Not Stated a Claim for Violation of his Right to Access the Courts

Inmates have a fundamental constitutional right of access to the courts.[27] The right of access to the courts, however, "guarantees no particular methodology but rather the conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts."[28] In order to prevail on a claim of interference with access to the courts, an inmate claimant must be able to show that she has suffered some cognizable legal prejudice or detriment as a result of the defendant's actions.[29] In addition, the plaintiff must be able to show that the defendant had an intent to interfere with the plaintiff's right to *submit pleadings* to the courts or was otherwise deliberately indifferent to the plaintiff's wish to do so.[30] An inmate's right to seek access to the courts is limited to the making of non-frivolous claims involving the assertion of legitimate constitutional rights.[31] Because the right to access to the courts "rest[s] on the recognition that the right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court,"[32] "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint."[33]

---

[27] *Lewis v. Casey*, 518 U.S. 343, 351 (1996).
[28] *Lewis,* 518 U.S. at 356.
[29] *Eason v. Thaler,* 73 F.3d 1322, 1328 (5th Cir. 1996).
[30] *See Herrington v. Martin,* No. 09-785, 2009 WL 5178340, at *2 (W.D. La. Dec. 23, 2009) (emphasis added) (recognizing that "[a]n 'access to courts' claim is actionable only if the deprivation stemmed from intentional conduct on the part of the defendant; 'access to courts' claims premised on a defendant's mere negligence or inadvertence are not cognizable under § 1983").
[31] *Johnson v. Rodriguez,* 110 F.3d 299, 311 (5th Cir. 1997).
[32] *Christopher v. Harbury,* 536 U.S. 403, 415 (2002).
[33] *Lewis,* 518 U.S. at 356.

The right of access to the courts protects an individual's ability to file pleadings and bring a lawsuit; the right does not guarantee favorable rulings.[34] As shown by his ability to file pleadings in this case, as well as to file pleadings in state court (though met with rulings Johnson believes are incorrect), Johnson has had ample access to the courts. Complaints of unfavorable findings from Defendants that Johnson's claims lacked merit do not state a claim of an unconstitutional denial of access to the courts.[35] Accordingly, Johnson's constitutional access to the courts claim is subject to dismissal for failure to state a claim.[36]

### 3. Johnson's "Real" Claim for Conviction by a Non-Unanimous Jury Lacks Merit

Though Johnson does not expressly say so, the end goal of this litigation, as well as his litigation in the state trial court, is to obtain relief from his state criminal conviction by a non-unanimous jury, which is clear due to his reliance on the decision in *Maxie*. The provisions of Louisiana law that were declared unconstitutional in *Maxie* are the provisions from the Louisiana Constitution and Code of Criminal Procedure that previously allowed conviction of a serious offense by a non-unanimous jury,[37] and Johnson seeks to benefit from the *Maxie* judgment.[38]

In 2020, the United States Supreme Court declared that conviction of a serious offense by a non-unanimous jury violates the United States Constitution.[39] This holding, as well as the

---

[34] *See Robinson v. Cherokee County, Texas*, No. 04-217, 2005 WL 8161269, at *5 (E.D. Tex. April 1, 2005).
[35] *Id.*
[36] Though Johnson alleges his due process and equal protection rights were violated, these claims appear to arise from the same dissatisfaction Johnson has with Defendants dismissing his pleading, which was interpreted as a motion seeking post-conviction relief, and the equal protection claim appears to "piggy-back" off the judgment in the *Maxie* case, which found unconstitutional the pertinent provisions of Louisiana law permitting conviction by non-unanimous juries for serious offenses. R. Doc. 1-1, p. 3. It is also worth noting that the "civil judgment" Johnson sought to have made executory was not a civil judgment. Rather, *Maxie* was a ruling in a separate *criminal* trial. All provisions of Louisiana law cited by Johnson regarding making judgments executory are from the Louisiana Code of *Civil* Procedure, which does not apply to criminal cases.
[37] R. Doc. 1-1, p. 54. The *Maxie* decision was attached to Johnson's original Complaint.
[38] Johnson attempts to frame this as though he is merely seeking to have a civil judgment made executory, but the judgment at issue was a judgment in an entirely separate criminal trial, not a civil judgment. R. Doc. 1-1.
[39] *Ramos v. Louisiana*, 590 U.S. ---, 140 S.Ct. 1390 (2020).

7

judgment in *Maxie*, came years after Johnson's conviction and sentence to life imprisonment in 1984 for three counts of aggravated rape.[40] At the time of Johnson's conviction and for all offenses committed before January 1, 2019, Louisiana law provided for conviction by a non-unanimous jury for serious offenses.[41]  Therefore, the only way for Johnson to obtain the relief he ultimately seeks is if the requirement for conviction by a unanimous jury for serious offenses announced in *Ramos* is retroactive.  However, both the Louisiana Supreme Court and the United States Supreme Court have held that the requirement for conviction by a unanimous jury for felonies is not retroactive, so Johnson's underlying claim has no merit.[42] Accordingly, Johnson's § 1983 claim is subject to dismissal. [43]

### C.  Declination of Supplemental Jurisdiction/Leave to Amend

To the extent that Johnson seeks to have the Court exercise supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling

---

[40] *See Johnson v. Cain*, No. 01-790 (M.D. La.), R. Doc. 1.
[41] *See* La. C.Cr.P. Art 782 ("A case for an offense committed prior to January 1, 2019, in which punishment is necessarily confinement at hard labor shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict.").
[42] *See State v. Reddick*, 21-01893 (La. 10/21/22), 351 So.3d 273; *Edwards v. Vannoy*, 593 U.S. 255 (2021).
[43] To the extent Johnson's claims could be construed as an application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, the Court lacks jurisdiction to consider the action as a habeas petition because Johnson previously filed a habeas petition in this Court, which was dismissed as procedurally barred, and a certificate of appealability was denied by both this Court and the Fifth Circuit (s*ee Johnson v. Cain*, No. 01-790 (M.D. La.); *Johnson v. Cain*, No. 03-30217 (5th Cir.). In order for this Court to have jurisdiction to entertain the claim as a habeas petition, Johnson would need to obtain leave from the Fifth Circuit to file a successive habeas petition. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application … is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Even if the Court could construe the application as seeking habeas relief, the claim would be without merit because the new rule of criminal procedure requiring conviction by a unanimous jury for serious offenses is not retroactive.

reasons.[44] Having recommended that Johnson's federal claims be dismissed for failure to state a claim, it is further recommended that the exercise of supplemental jurisdiction be declined.

Further, though ordinarily a pro se plaintiff should be afforded an opportunity to amend his or her complaint prior to dismissal, leave to amend is not necessary if amendment would be futile. Here, Johnson should not be allowed further leave to amend to attempt to state a claim because any amendment consistent with the facts alleged would be subject to dismissal.[45]

## RECOMMENDATION

**IT IS RECOMMENDED** that this Court decline the exercise of supplemental jurisdiction over Plaintiff Vincent Johnson's potential state law claims, that Johnson's federal claims be **DISMISSED WITH PREJUDICE** as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915A, and that this case be **CLOSED**.[46]

## ORDER

At present, there are five pending motions, filed by other individuals, who seek to be added as plaintiffs to this action.[47] Johnson has also filed a Motion requesting that Court order service in this action.[48] Considering the recommendation of dismissal of Johnson's claims,

---

[44] 28 U.S.C. § 1367.
[45] *Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed. Appx. 625, 627 (5th Cir. 2017) (though ordinarily a pro se litigant should be offered an opportunity to amend his complaint before it is dismissed, granting leave to amend is not necessary if the plaintiff has already pleaded her best case or if an amendment would be futile).
[46] Johnson is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Report and Recommendation be adopted, the Ruling in this matter will count as a strike.
[47] R. Docs. 9, 10, 11, 12, & 13.
[48] R. Doc. 8.

**IT IS ORDERED** that all pending Motions[49] are **DENIED**, without prejudice to reurging should the recommendation for dismissal not be adopted.

Signed in Baton Rouge, Louisiana, on May 24, 2024.

*Erin Wilder-Doomes*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[49] R. Docs. 8, 9 10, 11, 12, & 13.