UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**VINCENT JOHNSON (#106229)**                               **CIVIL ACTION NO.**

**VERSUS**                                                                    **24-78-SDD-EWD**

**RONALD JOHNSON, ET AL.**

<u>**RULING**</u>

Before the Court is a "Motion to Amend Findings of Fact and Conclusions of Law Pursuant to Rule 52(b)" filed by Plaintiff Vincent Johnson that is in effect a Motion to Alter or Amend Judgment brought pursuant to Federal Rule of Civil Procedure 59(e).[1] The Motion will be denied.

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration.[2] However, the Fifth Circuit has consistently held that a motion, which challenges the prior judgment on the merits, will be "treated either as a motion 'to alter or amend' under Rule 59(e) or a motion for 'relief from judgment' under Rule 60(b)."[3] Under which Rule the motion falls turns on the time at which the motion is served."[4] For motions served within twenty-eight days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b).[5] Judgment in this case was

---

[1] R. Doc. 18. Though Johnson has labeled his Motion as being brought pursuant to Rule 52(b), the substance of the Motion, not its title, controls. *See generally United States v. Gay*, No. 3:92-cr-494-G, 2010 WL 5184731, at *1 (N.D. Tex. Dec. 17, 2010) ("Even so, because the defendant is *pro se*, a liberal construction of his motion is in order. Thus, the court must look to the substance, not the label, of the motion to determine the relief that he requests." (citations omitted)); *Moody Nat'l Bank of Galveston v. GE Life & Annuity Assur. Co.*, 383 F.3d 249, 251 (5th Cir. 2004) (explaining that "a motion's substance, and not its form, controls."); *Effjohn Intern. Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 560 (5th Cir. 2003) ("For starters, a court is not bound by how a party labels its motion.").
[2] *Shepard v. Int'l Paper Co.*, 372 F.3d 326, 328, n. 1 (5th Cir. 2004).
[3] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994).
[4] *Id.*
[5] *Id.*

entered on June 25, 2024, and the motion was filed on July 17, 2024, so the Motion is brought pursuant to Federal Rule of Civil Procedure 59(e), as it was filed within 28 days of the final judgment.

For a motion to succeed under Rule 59(e), the party must clearly establish a manifest error of law or fact or present newly discovered evidence.[6] A Rule 59(e) motion has a narrow scope and allows a party to either present newly discovered evidence or to correct manifest errors of law or fact.[7] Arguments that could have been raised before the entry of the judgment including rearguing evidence and legal theories are not the purpose of a Rule 59(e) motion.[8] It is not proper to use Rule 59(e) to re-litigate or get "a second bite of the apple" on previously addressed issues by the parties or the Court.[9] Relief from a judgment, due to its narrow scope, is an extraordinary remedy that should not be used often.[10]

On June 25, 2024, this Court dismissed Petitioner's action with prejudice on the merits.[11] Plaintiff's Motion is a clear attempt at getting a second bite at the proverbial apple. Johnson advances the same facts in support of his claims without providing any additional evidence.[12] Johnson also has not indicated that there is newly discovered

---

[6] *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted).
[7] *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004).
[8] *Id.*
[9] *N. Cypress Med. Ctr. Operating Co. v. Blue Cross Blue Shield of Texas*, 2010 WL 2245075, at *1 (S.D. Tex. Jun. 2, 2010).
[10] *Templet*, 367 F.3d at 479.
[11] R. Doc. 16.
[12] To the extent Johnson complains that the Motion to Amend, which was buried in his Objection to the Report and Recommendation was not considered, the proposed amendment is futile because he alleges, essentially, the same facts as alleged in his original complaint. Johnson tries to explain that he was not seeking "relief" in the state court (R. Doc. 15, p. 4), but the end result of asking for *Maxie* to be made executory as to Johnson would provide relief. Much of the proposed amended complaint contains laws and Johnson's interpretation of those laws. Johnson has also not alleged facts that save his claim of access to the courts—he continues to complain of the manner in which the state court labeled and handled his pleadings, which does not state a claim for interference with access to the courts, as noted by the Magistrate Judge. R. Doc. 15, p. 22. Overall, the facts in the proposed amendment are the same facts considered in

evidence.  The purpose of a Rule 59(e) motion is not to allow a plaintiff another chance to litigate his claims,[13] and Johnson has not shown he is entitled to the extraordinary relief provided by such a motion.  Accordingly,

**IT IS ORDERED** that Petitioner's "Motion to Amend Findings of Fact and Conclusions of Law Pursuant to Rule 52(b)"[14] is **DENIED**.

Signed in Baton Rouge, Louisiana the  5th  day of November, 2024.

_____
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

the Report and Recommendation, and as noted by the Magistrate Judge, no set of facts consistent with the facts alleged would state a claim, so denying amendment was appropriate. R. Doc. 14, p. 9.
[13] *N. Cypress Med. Ctr. Operating Co. v. Blue Cross Blue Shield of Texas*, 2010 WL 2245075, at *1 (S.D. Tex. Jun. 2, 2010).
[14] R. Doc. 18.